IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Miles P. Johnson (#2019-0403015), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 3159 |
| v. | ) | |
| | ) | Judge Charles R. Norgle |
| Tom Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. If Plaintiff wants to proceed with this lawsuit, he must either (1) submit a renewed application that is signed by him, certified by an appropriate official, and accompanied by a copy of Plaintiff's trust fund statements showing activity in his account or accounts for the entire six-month period immediately preceding his initiation of this action; or (2) pay the full statutory filing fee of $400.00. Failure to comply with this order by 6-24, 2019, will result in summary dismissal of this case. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to keep the Court informed of his address may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution. The Clerk of Court is directed to send Plaintiff a blank application to proceed *in forma pauperis* and a copy of this order.

## STATEMENT

Plaintiff Miles P. Johnson, an inmate at the Cook County Jail, brings this action *pro se* under 42 U.S.C. § 1983 against Cook County Sheriff Thomas Dart, several local government entities, a couple of rappers, a person he identifies as "friend," and several private businesses. He seeks to file his complaint *in forma pauperis*, but his application for leave to proceed *in forma pauperis* is incomplete. The Court therefore denies the application.

The Prison Litigation Reform Act (PLRA) requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner is not able to prepay the fee, he may submit an application to proceed *in forma pauperis* to pay the fee with monthly deductions from his trust fund account. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff's application is incomplete because it does not include a copy of his trust fund account statement. If Plaintiff wants the Court to consider whether he may proceed without prepaying the filing fee, he must submit a renewed and properly completed application for leave to proceed *in forma pauperis*. The application must be signed by him, certified by an appropriate official, and accompanied by a copy of Plaintiff's trust fund statement showing activity in his account or accounts for the six-month period immediately preceding the submission of his complaint (from October 30, 2018, to April 30, 2019). If Plaintiff was incarcerated at more than one facility during the look-back period, he must obtain certified trust fund account statements from each facility at which he was incarcerated. Alternatively, he may pay the full statutory filing fee of $400.00.

When deciding how to proceed, Plaintiff should consider that the PLRA requires all inmates to pay the filing fee, even if the case is summarily dismissed. *See* 28 U.S.C. § 1915(b)(1). Thus, he must either pay the full filing fee upfront or pay the filing fee over time in installments consisting of 20% of his monthly income (including money sent by family and friends) until the filing fee is paid in full. If he is allowed to pay in installments, the collections from his account will follow him even if he is transferred to another facility. Waiver of the fee is not an option.

Plaintiff also should be aware that, by signing an application to proceed *in forma pauperis*, he declares under penalty of perjury that the information provided about his finances is true and correct. Consequently, Plaintiff should ensure that his answers to questions on the application are truthful and accurate or risk dismissal of this action with prejudice. *See* 28 U.S.C. § 1915(e)(2)(A); *Lofton v. SP Plus Corp.*, 578 F.App'x 603, 604 (7th Cir. 2014) (collecting cases upholding dismissals with prejudice for plaintiffs' failures to disclose assets on *in forma pauperis* application).

The Clerk of Court is directed to send Plaintiff a blank application to proceed *in forma pauperis*.

Date: 5/15/19      /s/ Charles Noogle